The Yice-Chancellok.—I
have given to this case a careful examination, but want of time prevents me from expressing my views at length on this occasion.
As to the fact of the increase of the annuity to the extent of one-eighth part of the income of the estate of John Mason, the answer of these defendants in the former suit is conclusive.
Their statement now, that they did not thereby intend to make a permanent increase, or to exhaust their power in the premises, can neither alter the fact, nor diminish its consequences. They intended to increase the annuity, and probably they supposed they might diminish it the next year, and increase it again at pleasure. If they have, in this respect, mistaken the law, it cannot affect the increase thus intentionally made.
In regard to the nature of the power conferred upon the trustees, I agree with their counsel, that in its exercise they had an uncontrollable discretion. But I do not think that they could *631 exercise it, by reducing as well as increasing the annual allowance.
In the first place, the testator has given to them no such power in express terms. If such were his design, I cannot but believe, that in a will so carefully framed as this is, there would have been a provision that the trustees might, from time to time, diminish as well as increase the annuities, keeping the minimum at $2500.
There is nothing in the nature of the power conferred, which requires the court, in construing the will, to declare that the trustees may, when and as they see fit, reduce the annual allowance after they have once increased it. So far from that, I think the court should refuse, except on a strictly necessary implication, to hold that the testator ever intended to place his son • under such a humiliating vassalage to his brothers-in-law. Especially, when by indulging some freak of ill-will or spleen, and reducing the annual allowance, the income of the trustees themselves would be increased. Not that I have any idea that the gentlemen acting as trustees in this case, would harbor any such feeling or motive ; but the provision which permits such a result, must be considered in arriving at the intent of the testator.
- My learned predecessor’s opinion in Mason v. Jones, 3 Edw; Ch. R. 497, was referred to as in point. The report shows that the question was not necessarily presented there; and my distinct recollection of the reliance placed upon that case by the defendants, as being decisive that the question could not be presented in the suit of Mason v. Jones, when it was before me at the final hearing, (reported as Mason v. Mason's Executors, 2 Sand. Ch. R. 432, 477,) satisfies me that it should be esteemed as no more than an obiter opinion on the question now involved. Thus viewing it, I am entirely at liberty to be governed by my clear conviction, that the power conferred by the will of Mr. Mason, does not authorize the trustees to reduce the annuities after they have once been enlarged.
Some points of minor importance were presented by the defendants counsel:
First. It is said the complainant has not admitted that there was any will in existence. As to this, I think it suffices that he *632 sets forth the probate of such a will, under which he shows the trustees hold the property and administer the trusts. (See Fitzherbert v. Fitzherbert, 4 Bro. C. C. 231.)
Next, it is objected that he must elect between this suit, and Mason v. Jones, before cited, in which he sought to avoid the whole will. That suit was decided against him before this one was commenced, and his appealing from the decree, does not as yet disturb the decision that the will is in all respects valid. Another reason why it is not a case for an election of remedies, is that the complainant, if wrong in the former suit, is entitled to all which the will gives to him, and which he asks here ; and if right in that suit, he is entitled to one-eighth of the estate, both income and capital, which includes all that he asks in this bill.
Lastly, as to parties. If the defendants were correct in their ■ idea, that the will enabled them to reduce the allowance to #2500 a year, then the surplus net income of the complainant’s .eighth of the estate, belongs to several persons now in being, (and in certain contingencies may belong to others named in the answer,) who are not parties to the suit. Without advert-' ing to the latter class, there are several of the former who have vested interests in this surplus income, in case the complainant is not entitled to the whole of it. They are therefore directly interested to resist his claim: and as the trust fund consists in part of real estate, there is no doubt that they are necessary parties to the suit.
It is a proper case to permit the complainant to make them parties, and he may have leave to file a supplemental bill for that purpose, on paying the costs of the hearing.